**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) |
| | ) |
| **vs.** | )   CRIMINAL NO.  04-00087-WS |
| | ) |
| **FRANCISCO VARELA ALVAREZ,** | ) |
| | ) |
| **Defendant.** | ) |

**ORDER**

This matter is before the Court for resentencing on remand from the Eleventh Circuit Court of Appeals.

 *A.* *The Original Sentencing Proceeding.*

On December 2, 2004, the Court sentenced defendant, Francisco Varela Alvarez, to a term of imprisonment of 57 months for illegal reentry after deportation, in violation of 8 U.S.C. § 1326(a) and (b).  In so doing, the Court applied the United States Sentencing Guidelines as mandatory, computed a Guidelines range of 57 to 71 months, and imposed a low-end sentence.

At sentencing, the Court denied Alvarez's motion for downward departure (doc. 32), wherein defendant sought a reduction in sentence on two bases.  First, Alvarez requested a "fast track" downward departure, such that he would receive a reduced sentence if he consented to deportation and waived all other objections.  Defendant contended that his equal protection and due process rights would be violated in the absence of such a departure given the existence of "fast track" programs in certain judicial districts in the Fifth and Ninth Circuits, such that the lack of such programs in the Eleventh Circuit resulted in disparate treatment to Alvarez relative to similar offenders in other districts. Defense counsel conceded that he had been unable to locate any authority in support of his position. The Court rejected defendant's equal protection argument, reasoning that the paucity of authority counseled against a downward departure on that basis.

Second, defense counsel requested a departure pursuant to § 5K2.0 on the grounds that as a

child Alvarez had been subjected to cruel treatment by his father.  Evidence of this abuse, including letters from defendant's sisters and a summary in the Presentence Report, was presented at sentencing. After careful review and consideration of those proffered materials, the Court found at sentencing that nothing in defendant's evidence of childhood mistreatment "takes his case out of the heartland of cases and would serve as a cause for a downward departure.  I suspect that if it did, then probably every case we had in this Court would be subject to a motion for downward departure and the granting thereof."  (Sentencing Transcript (doc. 44), at 8.)

### B. The Eleventh Circuit's Remand Decision.

On appeal, the Eleventh Circuit found statutory error under *United States v. Booker*, 543 U.S. ___, 125 S.Ct. 738 (2005).  In particular, the appellate court explained that "a district court has committed *Booker* error whenever it sentences a defendant under a mandatory Guidelines scheme."  (Slip op. (doc. 47), at 5.)  Because there was no constitutional error, the panel applied harmless error analysis, finding that the Government had failed to meet its burden of showing that the *Booker* error did not affect Alvarez's substantial rights.  In particular, the Eleventh Circuit determined that "[t]he record does not show with fair assurance that the sentence was not substantially swayed by the court's application of the Sentencing Guidelines as mandatory as oppose[d] to advisory."  (*Id.* at 6.)  On that basis, the appellate court vacated Alvarez's sentence and remanded the case to this Court for re-sentencing consistent with the Supreme Court's decision in *Booker*.

### C. Procedure for Resentencing.

A defendant has the right to be present and to allocute at "the imposition of a new sentencing package after an original sentencing package is vacated in its entirety on appeal and the case is remanded for resentencing."  *United States v. Jackson*, 923 F.2d 1494, 1496 (11th Cir. 1991).  He has no such right when remand is for a limited issue, so long as the sentencing modifications do not make a defendant's sentence more onerous.  *United States v. Tamayo*, 80 F.3d 1514, 1518-19 (11th Cir. 1996).  The Eleventh Circuit has not specified in this case whether its remand order constitutes vacation of the sentencing in its entirety, or whether this remand is instead more limited.  While the dividing line between vacations in the entirety and more limited remands remains murky, the Eleventh

Circuit has expressly stated in several decisions remanding for statutory *Booker* error that the sentence is vacated "in its entirety."[1]  Since it seems doubtful that some remands for purely statutory *Booker* error could vacate the sentence in its entirety while others work a more limited remand, for present purposes the Court will assume that the defendant's sentence has been vacated in its entirety despite the Eleventh Circuit's failure to say so.[2]  This determination raises questions as to whether a resentencing hearing or argument is necessary, or whether defendant can be resentenced based on arguments and evidence already in the record.

The Eleventh Circuit has indicated that, following remand for statutory *Booker* error, the parties may present only evidence that was not relevant under a mandatory guidelines regime.[3]  Both the Government and defendant are **ordered** to file and serve, on or before **September 20, 2005**, statements of position identifying any evidence they intend to present for purposes of resentencing and demonstrating why the evidence has been made newly relevant by the appeals court's *Booker* remand here.  In their respective statements, each side should also specifically delineate their position as to

---

[1]  *See United States v. Martinez*, 407 F.3d 1170, 1174 (11th Cir. 2005); *United States v. Barnes*, 2005 WL 1540128 at *2 (11th Cir. July 1, 2005); *United States v. Crawford*, 133 Fed. Appx. 612, 621 (11th Cir. May 18, 2005); *United States v. Cash*, 131 Fed. Appx. 200, 202 (11th Cir. May 10, 2005).

[2]  The Eleventh Circuit has stated that "our court has been explicit when it is vacating an *entire* original sentencing package as opposed to remand for resentencing on a single issue." *United States v. Tamayo*, 80 F.3d at 1519 n.7 (quoting a case expressly "vacat[ing] [a] sentence in its entirety").  The divergent language employed in the appellate court's statutory *Booker* remand orders suggests that thaumaturgical language may not be required to conclude that a vacation of sentence is in the entirety.

[3]  *United States v. Rolle*, 2005 WL 1715747 at *1 n.1 (11th Cir. July 25, 2005) ("Because we vacate appellant's sentences and remand the case for a new sentencing hearing — in which the court may consider evidence and arguments deemed irrelevant under the pre-*Booker* sentencing scheme — we do not address" his challenge to the district court's guidelines calculations).  This pronouncement is consistent with the rule that, "upon a resentencing occasioned by a remand, unless the court of appeals expressly directs otherwise, the district court may consider only such new arguments or new facts as are made newly relevant by the court of appeals' decision." *United States v. Whren*, 111 F.3d 956, 960 (D.C. Cir. 1997); *accord United States v. Quintieri*, 306 F.3d 1217, 1228 n.6 (2nd Cir. 2002)(following the First, Fifth, Seventh and D.C. Circuits).

whether evidentiary hearing or argument is required or requested in connection with resentencing.

Leaving aside the question of whether additional evidence may be presented, the Court must address defendant's rights to attend and to allocute at any resentencing proceeding. While a defendant apparently has the right to be present and to allocute when he is resentenced following a vacation of his sentence in its entirety,[4] both rights can be waived.[5] The defendant is **ordered** to file and serve, on or before **September 20, 2005**, a statement of position as to whether he waives any right to be present or to allocute, given the disruption of his living situation that the exercise of such rights would entail,[6] the ability of other witnesses to offer permitted evidence, and other factors. Defense counsel is instructed to confer with the defendant concerning these matters before submitting his statement of position.

DONE and ORDERED this 9th day of September, 2005.

                                                s/ WILLIAM H. STEELE
                                                UNITED STATES DISTRICT JUDGE

---

[4] *See* Fed. R. Crim. P. 43(a)(3)(defendant's presence required at sentencing); *id*. 32(i)(4)(A)(defendant must be provided the opportunity to speak "[b]efore imposing sentence"); *United States v. Taylor*, 11 F.3d 149, 152 (11th Cir. 1994)(resentencing following vacation in the entirety constitutes the imposition of sentence for purposes of Rules 32 and 43).

[5] *See United States v. Rodriguez-Velasquez*, 132 F.3d 698, 699 (11th Cir. 1998); Fed. R. Crim. P. 43(c)(1)(B).

[6] Among any other relevant considerations, presence at resentencing would remove the defendant from his current place of incarceration with no guarantee of return to that facility or his present cell; would interrupt his participation in any drug treatment or other rehabilitation program, completion of which may be required in order to obtain a reduction in his sentence; and would require interim housing at various local jail facilities.