IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| **vs.** ) | **CRIMINAL NO. 04-00087-WS** |
| ) | |
| **FRANCISCO VARELA ALVAREZ,** ) | |
| ) | |
| **Defendant.** ) | |

**ORDER**

This matter is before the Court for resentencing on remand from the Eleventh Circuit Court of Appeals.

On December 2, 2004, the Court sentenced defendant, Francisco Varela Alvarez, to a term of imprisonment of 57 months for illegal reentry after deportation, in violation of 8 U.S.C. § 1326(a) and (b). In so doing, the Court applied the United States Sentencing Guidelines as mandatory, computed a Guidelines range of 57 to 71 months, and imposed a low-end sentence of 57 months. At sentencing, Alvarez asked the Court to grant a "fast track" downward departure, pursuant to which he proposed that he be given a reduced sentence if he consented to deportation and waived all other objections. Given defendant's admission that he had been unable to locate any Eleventh Circuit authority authorizing such a departure or supporting the equal protection argument he attempted to formulate on that issue, the Court denied a downward departure. Defense counsel also requested a departure pursuant to U.S.S.G. § 5K2.0 on the grounds that as a child Alvarez had been subjected to cruel treatment by his father and brothers. Evidence of this abuse, including letters from defendant's sisters and a summary in the Presentence Report, was presented at sentencing and was carefully weighed and considered by the Court. After review of those proffered materials, the Court found that this evidence did not warrant a downward departure in Alvarez's sentence.

On appeal, the Eleventh Circuit found statutory error under *United States v. Booker*, 543 U.S. _____, 125 S.Ct. 738 (2005), inasmuch as the undersigned applied the Sentencing Guidelines as

mandatory, rather than advisory. Because the Eleventh Circuit could not find with fair assurance that Alvarez's sentence had not been swayed by application of the Guidelines as mandatory, this case was remanded with instructions for the undersigned "to sentence Alvarez according to *Booker*, considering the Guidelines range of 57-71 months' imprisonment and other statutory concerns, as well," including specifically the factors enumerated at 18 U.S.C. § 3553(a). (Slip op. (doc. 47), at 6.)[1]

On remand, the Court entered an Order (doc. 48) requiring Alvarez, *inter alia*, to indicate what evidence he intended to present for purposes of resentencing, whether evidentiary hearing or argument was necessary, and whether Alvarez wished to avail himself of his rights to attend and allocute at any resentencing proceeding. In his Response (doc. 49), defense counsel informed the Court that Alvarez "does not desire to be present for resentencing or for allocution," but that he instead wishes to remain at his current place of incarceration, FCI Marianna. (Response, at ¶¶ 1, 3.) Defense counsel further indicated that no new or additional evidence would be presented at resentencing, and that defendant would instead rely exclusively on evidence presented at the original sentencing proceeding and in the Presentence Report. (*Id.*, at ¶¶ 2, 3.) A short time later, defense counsel submitted a document entitled "Waiver of Right to Be Present and to Allocute at Resentencing" (doc. 51, at Exh. A) and bearing Alvarez's signature. The Court finds that the Waiver is legally sufficient to demonstrate Alvarez's knowing, voluntary waiver of his right to be present at any resentencing proceeding and of his right to allocute. For that reason, Alvarez will be resentenced without a hearing, based on the totality of the record, including specifically all materials and argument submitted and relied upon by defense counsel.

On resentencing, the undersigned has carefully reviewed all of the evidence presented by Alvarez at his original sentencing hearing, and indeed has reviewed the sentencing transcript amd Presentence Reports in their entirety. The Court has devoted particular attention to reviewing the factual allegations set forth by Alvarez in support of his contention that he was mistreated to an extreme

---

[1] The Eleventh Circuit found that the undersigned correctly calculated Alvarez's Guideline range of 57 to 71 months. (Slip op., at 6.) On remand, the Court will not reevaluate the Guideline range itself, but will apply it in an advisory manner, giving due and proper consideration to the § 3553(a) factors.

degree as a child, as documented in his Motion for Downward Departure (doc. 30), the Presentence Report (doc. 34), the letters provided to the Court at sentencing, and the Position of Defendant with Regard to Resentencing (doc. 51). The Court has also considered the factors that Alvarez has developed a relationship with and has become engaged to a Florida resident named Denise Littlefair, and that Alvarez has agreed to accept deportation without further legal proceedings.

After examination of the record in light of the advisory Guidelines range of 57 to 71 months, as well as the requisite other statutory concerns, the Court finds that a 57-month sentence is appropriate, giving due regard to the § 3553(a) factors including, without limitation, the nature and circumstances of the offense; the history and characteristics of Alvarez; the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; the need for the sentence to afford adequate deterrence to criminal conduct and to protect the public from further crimes of the defendant; the need for the sentence to provide Alvarez with correctional treatment in the most effective manner; the kinds of sentences available; the sentencing range established under the Guidelines; and the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct. *See* 18 U.S.C. § 3553(a).

Accordingly, the Court **resentences** Alvarez to a term of imprisonment of 57 months. All terms and conditions of the original sentence imposed on December 2, 2004 apply with equal force to this sentence. Such terms and conditions include, without limitation, the three-year term of supervised release as to Count One after Alvarez's release from incarceration and the special condition of supervised release that immediately after incarceration Alvarez be delivered to a duly authorized immigration officer for deportation. In the event that Alvarez is not deported, then he must report in person to the probation office of the district to which he is released within 72 hours following such release. As further special conditions of supervised release, Alvarez shall participate in a program of testing and treatment for drug and/or alcohol abuse as directed by the probation office, and shall also participate in a mental health treatment program for anger management as directed by the probation office. Alvarez is advised that he has the right to appeal this sentence and to apply for leave to appeal

in forma pauperis, and that the Clerk of Court will prepare and file notice of appeal upon his request. Alvarez is further advised that, with few exceptions, any notice of appeal must be filed within 10 days of the date of judgment.

DONE and ORDERED this 4th day of November, 2005.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE